IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| LARRY STURDEVANT, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BAC HOME LOANS SERVICING, LP, )<br>)<br>Defendant. ) | Case No. 12-3263-CV-S-ODS |

ORDER AND OPINON GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff initiated this suit in state court on September 12, 2011. On April 3, 2012, one of the defendants – the diversity-destroying defendant – was dismissed, leaving only BAC Home Loans Servicing, LP. Defendant Bank of America, N.A., successor to BAC Home Loan Servicing, LP, removed the case to federal court on May 29, 2012.[1] Defendant filed a Motion for Summary Judgment on July 25, but Plaintiff did not respond. On September 11 the Court issued an Order that, among other things, directed Plaintiff to show cause why the Motion for Summary Judgment should not be granted. Plaintiff has not responded, and the date specified in the Court's Order has passed. The Court deems the Motion for Summary Judgment (Doc. # 7) to be ripe for ruling, and now grants the motion and enters judgment in favor of Defendant.

I. BACKGROUND

Plaintiff's suit arises from his effort to stave off foreclosure on real property. Count I seeks an injunction to stop the sale, Count II seeks a declaration that certain loan modifications Plaintiff believes were finalized are binding on the parties, Count III asserts a claim for breach of contract, and Count IV asserts a claim for defamation of credit.

Plaintiff's failure to respond to the motion means Defendant's Statements of

---

[1] Plaintiff did not file a motion to remand, so any procedural defects that may exist in the removal process have been waived.

Uncontroverted Facts are deemed to be admitted. Fed. R. Civ. P. 56(e); Local Rule 56.1(a). Those facts demonstrate that in August 2006, Plaintiff executed a Deed of Trust on certain property in Springfield, Missouri. The Deed of Trust secured a promissory note. Defendant was the servicer on the note. Plaintiff defaulted on the November 2007 payment; thereafter, he made his payments but was "chronically delinquent." Defendant notified Plaintiff that the debt would be accelerated as permitted by the loan documents.

In June 2009, Defendant advised Plaintiff he might be eligible for loan modification under the Federal Home Affordable Modification Program ("HAMP"). Plaintiff responded, but by December 2009 had provided only a portion of the required financial information necessary to take advantage of any opportunities that might have existed under HAMP. Defendant "advised Plaintiff to begin making temporary trial period payments and reminded Plaintiff to send in the additional financial information required for [Defendant] to evaluate Plaintiff for a HAMP loan modification." Defendant's Statement of Facts ¶ 9. However, Plaintiff did not return the necessary documentation. Defendant sent three reminders – in February, March, and April of 2010 – but Plaintiff never supplied the missing paperwork. On July 20, 2010, Defendant sent Plaintiff a letter advising he was not approved for a loan modification because the necessary paperwork had not been supplied.

## II. DISCUSSION

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See generally Williams v. City of St. Louis, 783 F.2d 114, 115 (8th Cir. 1986). "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Wierman v. Casey's Gen. Stores, 638 F.3d 984, 993 (8th Cir. 2011) (quotation omitted). In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably

drawn from the evidence.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588-89 (1986); Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985).  However, a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the . . . pleadings, but    . . . by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).

Counts I, II and III all depend on Plaintiff's theory that the loan was modified.  The uncontroverted facts demonstrate there was no loan modification, so Defendant is entitled to judgment as a matter of law on these three counts.  To the extent Plaintiff is asserting claims under HAMP, the claims also fail as a matter of law because HAMP does not provide a private cause of action.  E.g., Miller v. Chase Home Finance, LLC, 677 F.3d 1113, 1116-17 (11th Cir. 2012).  Count IV also depends upon the existence of a loan modification because it depends on Plaintiff's assertion that Defendant failed to properly apply the "temporary trial" payments as required by the modification.  The uncontroverted facts demonstrate Defendant's application of those payments could not have violated a modification because there was no modification.

### III.  CONCLUSION

The uncontroverted facts demonstrate Plaintiff's loan was not modified.  All of his claims depend on the existence of a modification, and in the absence of such a modification all of his claims fail as a matter of law.  The Court expressly refrains from addressing Defendant's other arguments.
IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: October 12, 2012                    UNITED STATES DISTRICT COURT

3